**JOHN P. BRISCOE (SBN: 273690)**
jbriscoe@mayallaw.com
**MAYALL HURLEY P.C.**
**112 S. Church St.**
**Lodi, California 95240**
**Telephone: (209) 477-3833**
**Facsimile: (209) 473-4818**

**Attorneys for Plaintiff Patrick Smith**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PATRICK SMITH, an individual;** | **Case No.: 24-CV-00943-KAW** |
|     **Plaintiff,** | **REPLY TO OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL AND TO VACATE TRIAL DATE AND RELATED DEADLINES** |
| **v.** | |
| **ALLIED WASTE SERVICES OF NORTH AMERICA, LLC; and DOES 1-100, inclusive,** | **Date:**     **October 3, 2024** |
|     **Defendants.** | **Time:**     **1:30 p.m.** |

       John P. Briscoe and the firm of Mayall Hurley P.C. hereby submit this brief in reply to the written opposition (Document 18[1]) to the Motion to Withdraw as Counsel and to Vacate Trial Date and Related Deadlines, submitted by Defendant Allied Waste Services of North America, LLC ("Defendant").

       In this case, John P. Briscoe and Mayall Hurley P.C. are compelled to withdraw due to an unfortunate but intractable breakdown in the attorney-client relationship. See Documents 17, 17-

---

[1] While stylized by Defendant as a "non-opposition", Document 18 does oppose Mayall Hurley's request to vacate the trial date and related deadlines; thus, Mayall Hurley refers to that document as an opposition.

1; Supplemental Declaration of John P. Briscoe.[2] Defendant opposes only Mayall Hurley's request for a vacation of the trial date and related deadlines. See Document 18, 2:7-16.

Contrary to Defendant's assertions, it is appropriate to vacate the trial date and related deadlines under these circumstances. Defendant suggests, erroneously, that Plaintiff has until October 2025 to complete his fact discovery. See Document 18, 10-12. In reality, the non-expert discovery cutoff in this case is less than five months away (presently set for February 10, 2025). As the undersigned has been wholly unable to communicate with Plaintiff since even before the filing of this motion (see Supplemental Declaration of John P. Briscoe, ¶ 5), he must assume that Plaintiff will need some additional time to retain a new attorney. That new attorney will *almost certainly* need more than just a few months to familiarize him- or herself with the case file and complete Plaintiff's fact discovery. The facts of this case constitute the "good cause" required to modify an initial scheduling order. See Fed. Rules Civ. Proc., R. 16(e); Notes of Advisory Committee on Rule 16, 97 F.R.D. 165, 208. Defendant has not made any argument as to why this relief should *not* be granted, much less demonstrated any prejudice Defendant would otherwise suffer.

For these reasons and those as may be set forth at hearing on this matter, John P. Briscoe and Mayall Hurley P.C. request that the motion be granted in full.

///

**DATED:** September 16, 2024                                      **MAYALL HURLEY P.C.**

                                               By_____
                                                     JOHN P. BRISCOE
                                                     Attorneys for Plaintiff,
                                                     PATRICK SMITH

---

[2] Submitted in response to the order of this Court (Document 19).