UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK SMITH,<br><br>           Plaintiff,<br><br>   v.<br><br>ALLIED WASTE SERVICES OF NORTH AMERICA, LLC,<br><br>           Defendant. | Case No. 4:24-cv-00943-KAW<br><br>AMENDED ORDER TO SHOW CAUSE FOR FAILURE TO APPEAR AT THE CASE MANAGEMENT CONFERENCE<br><br>Re: Dkt. Nos. 28, 29, 30 |

On October 4, 2024, the Court granted counsel John P. Briscoe's motion to withdraw as counsel for Plaintiff Patrick Smith, and the case management conference was continued to November 5, 2024. (Dkt. No. 25 at 4-5.) At that time, the Court declined to vacate the existing case deadlines, which include a fact discovery cut-off of February 10, 2025, and a trial date of October 14, 2025. (*See id.* at 4; 6/10/24 Case Management and Pretrial Order, Dkt. No. 16 at 8-9.) Plaintiff's former counsel served the court order granting withdrawal on Mr. Smith, as required by Civil Local Rule 11-5(b) and filed a certificate of service indicating that the order was served via both email and U.S. Mail. (Dkt. No. 26.)

On November 5, 2024, the Court held a case management conference, where Plaintiff Patrick Smith did not appear. (11/5/24 Minutes, Dkt. No. 28.) Additionally, Plaintiff did not participate in the drafting of the joint case management statement, nor did he file a separate case management statement. (*See* Dkt. No. 27 at 2.) Mr. Smith's nonparticipation was despite defense counsel's multiple attempts to contact him to schedule a meet and confer regarding the drafting of the joint case management statement, but those three emails went unanswered. (*See* Dkt. No. 27 at 2, Exs. A-C.) The Court notes that Plaintiff has also not filed a notice of appearance, nor has he obtained new counsel in this matter.

1    On November 19, 2024, the Court issued an order to show cause to Plaintiff and ordered former counsel to serve the order on their former client. (Dkt. No. 29.) On January 8, 2025, the Court realized that Plaintiff had not been served with the order to show cause and issued an order to former counsel to explain what happened. (Dkt. No. 30.) After former counsel did not timely respond, the Court discovered that Plaintiff's former counsel was erroneously removed from the electronic service list when he was designated as "terminated" on the docket, and never received either order. Resolving the issue resulted in the November 19, 2024 and January 8, 2025 orders being served yesterday on former counsel via a regenerated notice of electronic filing. The Court apologizes for the error and appreciates Mr. Briscoe's diligence in responding as soon as he was served, but he need not conduct any further investigation into the service issue.

Accordingly, the Court issues this AMENDED ORDER TO SHOW CAUSE, and orders Plaintiff to respond in writing, by no later than **February 7, 2025**, why this case should not be dismissed for failure to prosecute. Plaintiff is advised that the failure to timely respond to this order to show cause may result in this case being dismissed with prejudice for failure to prosecute and/or failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).

To assist him in responding to this order to show cause, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk—a free service for pro se litigants—by calling (415) 782-8982. Plaintiff may also wish to consult a manual the court has adopted to assist pro se litigants in presenting their case. This manual, and other free information for pro se litigants, is available online at: *https://cand.uscourts.gov/pro-se-litigants/*.

Finally, former counsel is ordered to immediately serve this order to show cause on Plaintiff and file a certificate of service.

IT IS SO ORDERED.

Dated: January 14, 2025

KANDIS A. WESTMORE
United States Magistrate Judge